UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Case No. 16-20008
                                                  Hon. Matthew F. Leitman

v.

JARED PATRICK LOCKWOOD,

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION FOR PERMISSION TO RECEIVE AND REVIEW GPS TETHER DATA (ECF #28)

On December 17, 2015, Defendant Jared Lockwood ("Lockwood") was charged in a criminal complaint with receipt, possession, and access with intent to view child pornography. (*See* ECF #1.)  On December 18, 2015, Lockwood entered his initial appearance and was released on an unsecured $10,000 personal bond.  (*See* ECF ## 5, 8.)  As one condition of his bond, Lockwood was required to wear a GPS tether. (*See* ECF #7 at 3, Pg. ID 16.)  Lockwood pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(5)(b) on March 24, 2016. (*See* Rule 11 Plea Agreement, ECF #19.)  At that time, the Court continued Lockwood's bond pending sentencing.  The entire time Lockwood has been free on bond, the Court's Pre-Trial Services unit has monitored

Lockwood's compliance with the tether condition and compiled the data generated by his tether.

On May 10, 2016, the Government made an emergency request to revoke Lockwood's bond. It later filed a formal motion requesting the same relief. (*See* ECF #25.) The Government sought to revoke Lockwood's bond because it received a report that he had manufactured pipe bombs and was planning to fake his own death and flee into the woods. The Court held an initial hearing on the Government's request to revoke Lockwood's bond on May 10, 2016, and it continued the hearing on May 12, 2016 (the "Bond Revocation Hearing").

At the Bond Revocation Hearing, Lockwood testified in an effort to persuade the Court not to revoke his bond. He adamantly denied any involvement with pipe bombs and denied that he was planning to fake his own death and flee. Lockwood also offered testimony about his whereabouts during certain periods of time while he was free on bond.

The Government believes that Lockwood testified falsely at the Bond Revocation Hearing and that GPS data maintained by the Court's Pre-Trial Services unit will confirm (or help to confirm) the falsity of his testimony. The Government has now filed a motion seeking permission to obtain and review the GPS data for the period February 10, 2016, through May 10, 2016 (the "GPS

Motion"). (*See* ECF #28.)  Lockwood opposes the motion. (*See* ECF #30.)  For the reasons explained below, the Court **GRANTS** the GPS Motion.

Lockwood argues that a federal statute, 18 U.S.C. § 3153(c), prohibits the Court from disclosing the requested GPS data to the Government.  The Court disagrees.

The statute provides:

> (c)(1) Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.
>
> (2) The Director shall issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection. Such regulations shall provide exceptions to the confidentiality requirements under paragraph (1) of this subsection to allow access to such information –
>
>> (A) by qualified persons for purposes of research related to the administration of criminal justice;
>>
>> (B) by persons under contract under section 3154(4) of this title;
>>
>> (C) by probation officers for the purpose of compiling presentence reports;
>>
>> (D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and

> (E) in certain limited cases, to law enforcement agencies for law enforcement purposes.

18 U.S.C. § 3153(c)(1)-(2)(A)-(E).

Pursuant to this statute, the Director of the Administrative Office of the United States Courts has promulgated regulations concerning the release of pretrial services information to law enforcement agencies. And the release of Lockwood's GPS tether data to the government is fully consistent with these regulations.

In relevant part, the regulations provide that:

> [a] judicial officer, after giving due consideration to any promise of confidentiality to sources of pretrial services information and any harm to any individual that might result from disclosure of pretrial services information, may authorize disclosure of such information to law enforcement agencies for the following purposes:
>
> > (1) Investigation of a crime committed in the course of obtaining or maintaining pretrial release.
>
> [….]
>
> > (3) Investigation of a violation of a condition of pretrial release.

The Administrative Office of the United States Courts Guide to Judiciary Policy, Vol. 8A, App'x 5A: Confidentiality Regulations, a §5, ¶¶ G(1), G(3), http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/appx-5a-confidentiality-regulations.

The GPS tether data sought by the Government fits within both of the purposes identified in the regulations quoted above. First, the Government intends to use the data as part of its investigation into whether Lockwood committed a crime "in the course of … maintaining pretrial release." The Government contends that Lockwood lied to the Court at the Bond Revocation Hearing in order to persuade the Court not to revoke his bond – i.e., in an effort to maintain his pretrial release status – and the Government says that it needs the GPS data to further its investigation into that potential false statement offense. Thus, the Government's request for the GPS data fits squarely within the first permissible purpose quoted above for the disclosure of pretrial services information to law enforcement personnel.

Second, the Government contends that it needs the GPS data in order to investigate Lockwood's possible violation(s) of his conditions of pretrial release. Those conditions included, among other things, that Lockwood not possess any "destructive devices." (ECF #7 at 2, Pg. ID 15.) The Government says that it will use the GPS data to help determine, among other things, whether Lockwood purchased materials to be used in the creation of pipe bombs. The GPS data will allow the Government to track Lockwood's movements and potentially obtain video from any retail establishments that he may have visited. This use of GPS data – to determine whether Lockwood manufactured a destructive device in

violation of his bond conditions and in violation of federal law – fits squarely within the third permissible purpose quoted in the regulations above.

Next, the Court notes that permitting the Government to review the requested GPS data would not undermine "any promises of confidentiality to sources of pretrial services information." The Administrative Office of the United States Courts Guide to Judiciary Policy, Vol. 8A, App'x 5A: Confidentiality Regulations, a §5, ¶G.  The Government seeks monitoring information generated by the GPS tracking software, not information provided by a source to whom the Pretrial Services Unit made a promise of confidentiality.  The Court further notes that government review of the GPS data will not cause "any harm to any individual…." *Id.*

Finally, allowing the Government to review the GPS data will not undermine Congress' primary objective in directing that certain pretrial services information remain confidential.  As the regulations explain, "[c]onfidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the judicial officer." The Administrative Office of the United States Courts Guide to Judiciary Policy, Vol. 8A, App'x 5A: Confidentiality Regulations, a §1, ¶C, citing H. Conf. Rep. 97-792, 97th Cong., 2d Sess. 8.  As noted above, the GPS data was generated

by monitoring software; it is not sensitive personal information provided by Lockwood based on his trust and confidence in the Court's Pretrial Services unit. The GPS data, in short, lies far from the core of information that Congress intended to remain confidential.

For all of these reasons, the Court **GRANTS** the GPS Motion and will allow the Government to obtain and review the GPS tracking data for Lockwood from the period of February 10, 2016, through May 10, 2016.  The Court's Pretrial Services unit shall provide that information to counsel for the Government and for Lockwood as soon as possible.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

Dated:  May 23, 2016