UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 16-20008
Hon. Matthew F. Leitman

v.

JARED PATRICK LOCKWOOD,

    Defendant.
_____/

**<u>ORDER (1) DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (ECF #48); (2) DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255 AS MOOT (ECF #46); AND (3) DENYING CERTIFICATE OF APPEALABILITY</u>**

On December 17, 2015, Defendant Jared Lockwood ("Lockwood") was charged in a criminal complaint with receipt, possession, and access with intent to view child pornography. (*See* ECF #1.) On March 24, 2016, pursuant to a Rule 11 plea agreement, Lockwood pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(A)(5)(b). (*See* Rule 11 Plea Agreement, ECF #19.) As part of that agreement, Lockwood waived any right to appeal his conviction, and he waived any right to appeal his sentence if the Court imposed a sentence that did not exceed 108 months. (*See id.* at §§ 3, 9, Pg. ID 57, 62.) The Court imposed a sentence of 108 months imprisonment. (*See* ECF #45 at

1

Pg. ID 635.) The Court entered its judgment on December 15, 2016. (*See id.*) Lockwood did not appeal.

On January 5, 2018, Lockwood filed a motion for an extension of time to file a motion to vacate his sentence.[1] (*See* ECF #46.)

On January 17, 2018, Lockwood filed a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255. (*See* ECF #48.) He identifies the ground for his motion as: "Why was I given extra time as punishment for an unrelated case when that case already had a consecutive enhancement?" (*Id.* at Pg. ID 656.) In support, he argues the following:

> On 12/13/2016 during sentencing in an unrelated case (case no. 16-cr-20466-01) it is believed that the Judge stated on the record to the Prosecutor, "Dont [sic] you think Mr. Lockwood received a whole lot of extra time at last weeks [sic] sentencing (16-cr-20008) because of todays [sic] case." Case no. 16-cr-20466-01 already had a mandatory consecutive enhancement for the punishment in that crime.

(*Id.*)

---

[1] A defendant is required to file his motion to vacate the sentence within one year "after the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). In this case, the Court entered the Judgment on December 15, 2016 (*see* ECF #45), and the judgment became final 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.").

For the reasons that follow, Lockwood's motion to vacate his sentence is **DENIED**.

First, Lockwood has procedurally defaulted his claim because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted). Lockwood has not demonstrated either cause or actual prejudice or that he is innocent. Therefore, his argument is procedurally defaulted.

Second (and in any event), Lockwood's claim fails on the merits. He relies exclusively on a question purportedly asked by the Court at sentencing.[2] His argument, however, misunderstands the Court's question. The Court directed the question to the Government, and the purpose of the question was to challenge the Government's arguments in favor of its requested sentence in the other case (16-20466). The question thus favored Lockwood.

Moreover, the question did not imply that the Court had considered impermissible factors in imposing sentence in this case. Instead, the question reflected the reality that Lockwood's sentencing guidelines in this case were

---

[2] The transcript of the sentencing hearing has not been ordered. For purposes of this motion, the Court will assume that Lockwood has accurately quoted the Court's question in his motion.

3

increased based, in part, on the conduct underlying his conviction in the other case (16-20466) because that conduct occurred while he was free on bond and awaiting sentencing in this case. Contrary to Lockwood's claim, he was not unlawfully "given extra time [in this case] as punishment for an unrelated case . . . ." Lockwood has not shown any error in the sentence imposed.

Finally, Lockwood is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c) because he has not made a substantial showing of the denial of a constitutional right. Moreover, reasonable jurists could not debate the correctness of the Court's denial of Lockwood's motion, and the issues raised by Lockwood do not deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (setting forth standards for granting a certificate of appealability).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Lockwood's motion for relief from sentence is **DENIED**;

2. Lockwood is **DENIED** a certificate of appealability; and

3. Lockwood's motion for an extension of time to file his motion to vacate under 28 U.S.C. § 2255 is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 25, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2018, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (810) 341-9764

Dated: January 25, 2018